Michael DAILEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 1078S243.

Supreme Court of Indiana.

Oct. 1, 1979.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Philip R. Blowers, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Following a jury trial appellant was convicted of robbery while armed (Ind.Code § 35–42–5–1) and received a sentence of fifteen years. On appeal he contends that the evidence was insufficient to support his conviction.

Appellant was charged with having taken money from one Anthony Wayne Bennett at knife point. He responded with a notice of alibi, and presented evidence in support of that defense at trial. He contends in this appeal that the evidence serving to identify him as the perpetrator of this offense was wholly insufficient to support the jury verdict. In determining this question the appellate court does not weigh the evidence nor resolve questions of credibility but looks to the evidence and reasonable inferences therefrom which support the verdict. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657.

At approximately 8:15 p. m. on October, 7, 1977, a Lassus Filling Station in Fort Wayne, Indiana was open for business and was manned by two employees, Anthony Wayne Bennett and LeRoy Bragg. Two men walked into the station, approached Bragg, and asked him whether he was interested in purchasing some drugs. Receiving a negative response, they then approached Bennett with the same proposition and he answered them in the same manner. At this point a car pulled into the station for gas and Bennett went to it and began pumping the gas. As he was completing this task the same two men approached him again as he was removing the hose. One was holding a gun down at his side and said, "Don't make a move or anything; just hand over your money or I'll blow your head off." The second man removed a carpet knife with a curved edge on it from his pocket and held it at his side so as to make it inconspicuous, but nevertheless positioned it so that Bennett could see it. The second then said, "Don't try anything like that." Bennett then gave them about $100.00 and they rapidly departed the station.

The station at this time was illuminated by an overhead canopy with lights, by pump lights, and by two lights close to the street. Bennett and Bragg had an unobstructed view of both men in this area during the encounters. Bragg testified that he knew appellant and had had personal contact with him four or five times over a five-year period, and had played a game of basketball

with him on one occasion. Bragg pointed out appellant at the trial as one of the two men who had approached him at the time and then approached Bennett as he was pumping gas. Bennett unequivocally pointed out appellant as the man who had held the carpet knife.

Appellant's sister provided support for his alibi defense. She testified that appellant was sick on October 7, 1977, and was at home at the time of the robbery. She testified that she was in the dining room at the time studying her lessons, and appellant was in the adjoining living room watching television. She testified further that it was usual for appellant to tell her when he left the house and furthermore, she would have seen appellant leave the house through the front door if he had left.

Appellant points out that in *Sawyer v. State*, (1973) 260 Ind. 597, 298 N.E.2d 440, in reliance upon the holding in *Neil v. Biggers*, (1972) 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401, this Court pointed out several factors to be considered on appeal in dealing with identification evidence. The appellate analysis there outlined is required in making the sensitive constitutional assessment of in-court identification by an eyewitness who had been subjected to an impermissibly suggestive identification procedure by the police, for the purpose of determining *reliability*. In the case at bar we are not called upon to determine the reliability of identification testimony by a single witness, but must evaluate all of the evidence presented at trial to determine whether it is sufficient to support the verdict of guilty. Several of the factors in the reliability analysis may be helpful in dealing with the sufficiency issue on appeal, but all are not. Here both Bragg and Bennett had a good opportunity to view the assailants and Bragg recognized appellant at the time. Bennett viewed them both on two separate occasions during the encounter. The lighting was good and the testimony at trial regarding appellant's participation was unequivocal. The alibi evidence and the other evidence tending to weaken the identification of appellant was for the jury to accept or reject. The evi-

dence clearly supports the conclusion of guilt. The conviction is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.